IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WORKMAN, ) | | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | | Civil Action No. 08-1416 |
| ) | | Judge |
| TIM MACKNAIR, S.C.I. Greene Unit ) | | Magistrate Judge Amy Reynolds Hay |
| Manager, ) | | |
| Defendant ) | | |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. 5] be dismissed for failure to prosecute.

II. Report

The plaintiff, Robert Workman, has presented a civil rights complaint against Tim Macknair, a Unit Manager at SCI-Greene, alleging that Macknair did not take seriously Workman's complaints that he was being extorted and sexually harassed by another inmate.

On March 24, 2009, this court issued an order directing plaintiff to complete and execute the Notice and Authorization that permits funds to be withdrawn from his prison account to pay the filing fee in installments. See Dkt. [4]. When plaintiff failed to respond, the court issued another order, directing the plaintiff to show cause by May 20, 2008, why his case should not be dismissed upon his failure to respond to the court's previous order. See Dkt. [8]. To date, plaintiff has failed to respond to the court's orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders, which weighs heavily against him. It is solely plaintiff's personal responsibility to respond to the court's orders and to prosecute his case. His failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- there appears to be no specific prejudice to defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action <u>in</u> <u>forma</u> <u>pauperis</u>, it does not appear that monetary sanctions are appropriate. Because he has failed to comply with the court's orders and to otherwise inform the court so that the case may go forward, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

<u>/s/ *Amy Reynolds Hay*</u>
Chief United States Magistrate Judge

Dated: 10 June, 2009

cc: Robert Workman
AT-0848
SCI Greene
175 Progress Drive
Waynesburg, PA 15370